ADAM GORDON
United States Attorney
MARK S. LAURICELLA
Special Assistant U.S. Attorney
New York Bar No. 5440623
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-9305
Mark.Lauricella@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-CR-600-JAH |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| v. | (1) COMPEL DISCOVERY;<br>(2) PRESERVE EVIDENCE;<br>(3) GRANT LEAVE TO FILE FURTHER MOTIONS; |
| JOSE ALBERTO ESPINOZA MARTINEZ (2); | AND RULE 16.1 STATUS REPORT |
| Defendants. | DATE: November 17, 2025<br>TIME: 11:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, ADAM GORDON, United States Attorney, and Mark S. Lauricella, Special Assistant U.S. Attorney, and hereby files its' Opposition to the above-referenced motions and Rule 16.1 Status Report.

## I. STATEMENT OF THE CASE

Defendant is charged, along with his two co-defendants, by Indictment with Conspiracy to Distribute Cocaine on Board a Vessel, Possession of Cocaine with Intent to Distribute on Board a Vessel, and Aiding and Abetting, in violation of Title 46, United States Code, Sections 70503 and 70506(b), and Title 18 United States Code, Section 2. ECF No. 1. On April 28, 2025, Defendant ESPINOZA filed motions to compel discovery, preserve evidence and leave to file further motions. ECF No. 30.

## II. THE OFFENSE

On or about February 12, 2025, United States Coast Guard Cutter STONE detected a 40-foot Go-Fast Vessel on the high seas approximately 570 Nautical Miles (NM) South of Mexico. The vessel had four large outboard engines, visible packages and fuel barrels on deck. Coast Guard Cutter STONE launched its embarked helicopter and two small boats. The defendants' Go-Fast Vessel did not voluntarily stop, requiring the Coast Guard to use warning shots and then disabling fire to gain control. Once the Go-Fast Vessel eventually stopped, the defendants jettisoned 46 packages that were later recovered.

A Right of Visit Boarding was conducted. The Go-Fast Vessel displayed no physical flag flown, no registration documents, no registration number on hull, no homeport on hull, no name on hull, no painted-on markings, no identified master, and no claim of nationality for the vessel. Thus, it was treated as without nationality and subject to the jurisdiction of the United States. The Coast Guard recovered 56 total packages of cocaine, with an at-sea weight of approximately 1,652 kilograms (3,642 pounds).

## III. RULE 16.1 STATUS REPORT

Pursuant to Rule 16.1 and Local Rule 16.1a, the parties have met and conferred, telephonically and electronically, regarding discovery in this matter. To date, the United States has produced two rounds of voluminous discovery. The discovery includes: various investigative reports, various seizure and arrest reports, chain of custody documents, videos, photos, log books, among other items.

The United States will continue to produce any additional discovery received by the United States.

//

//

## III. ARGUMENT

### A. Motion for Discovery

The United States recognizes and acknowledges its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States will continue to comply with its discovery obligations. As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and will comply. The United States will also produce any evidence of bias/motive and impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted. If the United States intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to Defendant in accordance with Federal Rules of Evidence 404(b)(2). The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

However, the United States objects to providing Defendant with the handwritten notes of government agents summarizing oral statements made by Defendant. Fed. R. Crim. P. 16(a)(1)(A) does not require disclosure of such rough notes where the content of those notes has been accurately reflected in a type-written report. *See United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). Moreover, the production of agents' notes is not required under Rule 16 because the United States has already provided "defendant with copies of the formal interview reports prepared therefrom." *United States v. Griffin*, 659 F.2d 932, 941 (9th Cir. 1981). Also, the rough notes are work product, which Fed. R. Crim. P. 16(a)(2) specifically exempts from disclosure. If new reports are generated as a result

of this ongoing investigation, the United States will promptly produce them to Defendant. The United States also objects to the production of any rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. *See also United States v. Alvarez*, 86 F.3d 901, 906 (9th Cir. 1996); *United States v. Bobadilla-Lopez*, 954 F.2d 519 (9th Cir. 1992).

### B. Preservation of Evidence

The United States will continue to takes reasonable steps to preserve the evidence in this case. The United States respectfully requests that no orders compelling specific discovery or preservation of evidence are necessary at this time.

### C. Leave to File Further Motions

The United States does not oppose the filing of additional motions so long as those motions are based upon newly-produced discovery or newly-obtained evidence and the United States is given an opportunity to respond.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's motions be DENIED where opposed.

DATED: November 14, 2025   Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Mark S. Lauricella*
MARK S. LAURICELLA
Special Assistant U.S. Attorney